# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SOLACHE-OROZCO, | ) CV F 05-0517 AWI WMW HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS |
| v. | ) [Doc. 9] |
| PAUL M. SCHULTZ, | ) |
| Respondent. | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On April 26, 1995, Petitioner was found guilty of conspiring to possess cocaine and possessing cocaine with the intent to distribute. The court sentenced Petitioner to 360 months imprisonment and five years supervised release for each count both to run concurrently. Petitioner filed a direct appeal and the Court of Appeals for the Ninth Circuit affirmed his conviction.

On August 20, 1998, Petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. Section 2255. The district court denied that motion on October 17, 2000. Petitioner filed a second amended motion on July 2, 2001. The district court denied that motion

on June 11, 2002.

## LEGAL STANDARD

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.

Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that Petitioner cannot bring his claims under Section 2241. The claims in this petition are that the sentencing court deprived Petitioner of his Sixth Amendment right to have the jury, rather than the judge, decide facts which affected his sentence and to have those facts determined beyond a reasonable doubt. Respondent contends that because these claims challenge the constitutionality of Petitioner's sentence, they must be brought in a Section 2255 motion. Noting that Petitioner acknowledges that he has submitted a previous Section 2255 motion, Respondent further contends that the present petition fails both requirements of the Section 2255 savings clause. First, Respondent argues that Petitioner has already had the opportunity to raise this claim in his previous Section 2255 motion. Second, Respondent argues that Petitioner does not claim that he is innocent of the charges against him or that the facts on which his sentence is based is false.

Respondent further contends that even if Petitioner could raise his claim under Section 2241, the petition fails on the merits because Blakely v. Washington, 542 U.S. 296 (2004) is not retroactively applicable to cases on collateral review. In Blakely, the court prohibited upward State sentencing guidelines adjustments based on judicial fact finding. In doing so, the Court reaffirmed the Apprendi rule that " '[o]ther than the fact of conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Blakely, 542 U.S. at 301(quoting Apprendi, 530 U.S. 466, 490 (2000)).

In Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005) the Ninth Circuit held that

1  the Apprendi rule expanded in Blakely is not retroactive and cannot be invoked by prisoners
2  seeking collateral review of their sentences. Cooper-Smith v. Palmateer, 397 at 1246.
3  Therefore, Respondent concludes that this petition should be dismissed.
4      In response, Petitioner concedes that the holdings of Apprendi and Blakely are not
5  retroactive in collateral review. However, Petitioner states correctly that the Supreme Court has
6  granted certiorari in Burton v. Waddinton, 142 Fed.Appx. 297 (9th Cir. 2005), and one of the
7  issues raised therein is whether the holding in Blakely is a new rule for purposes of retroactivity
8  analysis. Petitioner asks this court "in a sense of economic justice" to delay ruling on this case
9  pending the Supreme Court's ruling in Burton.
10     This court cannot delay ruling on Respondent's clearly meritorious motion to dismiss on
11 the ground that the Supreme Court may, at some unspecified future time, rule the way Petitioner
12 hopes it will in Burton.  Not only is there no way of predicting how the Supreme Court will rule,
13 but should the Court issue the decision Petitioner hopes for, Petitioner would still have meet the
14 narrow exception for seeking relief under Section 2241 instead of Section 2255.  There is no
15 certainty that Petitioner could make the necessary showing that Section 2255 is inadequate or
16 ineffective to test the validity of his detention.  To delay ruling on the petition under these
17 circumstances would be contrary to judicial economy and efficient handling of cases.
18     This court finds that Petitioner has failed to make the showing necessary to challenge his
19 sentence through this Section 2241 petition instead of through a Section 2255 motion. Further,
20 this court finds that under the controlling authority of Cooper-Smith v. Palmateer, the holdings
21 of Apprendi and Blakely are not retroactively applicable to this case.
22
23     Accordingly, IT IS HEREBY RECOMMENDED as follows:
24 1)    that Respondent's motion to dismiss be GRANTED;
25 2)    that this petition for writ of habeas corpus be DISMISSED;
26 3)    that the Clerk of the Court be directed to enter judgment for Respondent and to close this
27     case.
28     These Findings and Recommendation are submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
2  the Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days after being served with a copy, any party may file written objections with
4  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
6  and filed within ten (10) court days (plus three days if served by mail) after service of the
7  objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
8  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may
9  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
10 1991).

11 IT IS SO ORDERED.

12 **Dated:    February 14, 2007**              /s/  **William M. Wunderlich**
   mmkd34                                      UNITED STATES MAGISTRATE JUDGE